### DANIEL DAILEY v. W. KILLEBREW ET AL.

#### (No. 329.)

PLEADINGS.— Amendments, conflicting. Facts insufficiently stated to authorize a recovery.

APPEAL from Falls county. Opinion by WALKER, P. J.

STATEMENT.— This was a suit brought by Daniel Dailey against the executor of the will of John A. Fortune, deceased, and the devisees under said will, and those in privity of estate with them, and the administrators, guardians, etc., of the estates of such privies deriving title or interest by descent under the devisees in said will. The action has for its object the divestiture out of the defendants the title derived by them through the will of said John A. Fortune, one-half of certain lands which the plaintiff alleges he had, during the life-time of John A., conveyed to him, and the cancellation of the deed of conveyance which he had thus made as to one-half of said land; also for the partition between plaintiff and the defendants into two equal parts, giving to the plaintiff one-half of the same.

The petition of the plaintiff prayed that the defendants be required to show what portions of the land had been sold to third persons by Fortune during his life-time, and that if, in making partition, it be found that (owing to such con-

veyances made by Fortune to other persons) as much as one-half of said land cannot be decreed to plaintiff, in that case that plaintiff recover from the defendants the sum of $10 per acre, together with eight per cent. interest due thereon from 1868.

The plaintiff bases his cause of action upon a written contract with John A. Fortune, dated April 11, 1859. The inducements which led to the making it, as alleged in the petition and shown by the contract, were the common interest which plaintiff and Fortune had by combination between themselves, through the united use of their respective muniments of title (though the titles were adverse to each other), against that which was being asserted by one B. G. Shields to the same land, and therefore hostile to both plaintiff's and Fortune's title, in order that they might thereby defeat their common adversary.

B. G. Shields claimed under the Manchaca grant; Fortune claimed under an adverse title known as the George Morgan league title. The "Manchaca" conflicted with and covered the "Morgan." Dailey claimed under the Manchaca grant, also under a chain of title which, as he claimed, was the superior and better title to that under which Shields claimed. Shields has instituted suit against Fortune in the district court of Falls county for the recovery of the land. Dailey was not a party to that suit, but interested himself in its result by endeavoring to promote the defeat of Shields under a contract with Fortune, as has already been stated, the alleged violation of which furnishes the cause of action in this case, if any exists.

This contract was, in substance, to the effect as follows, viz.:

That Dailey, "by way of compromise, and to prevent litigation" with Fortune, had, at the same date therewith, conveyed to the latter his interest in the Manchaca survey conflicting with the George Morgan league (describing its boundaries); that said Bailey claimed said interest under a purchase from one Cundiff, who had derived his title

through Rhoda and John F. Boren, claiming to be the heirs
of Robert Barr, deceased, the reputed owner of the Man-
chaca title and survey. That whereas said Shields had
sued him for the land, claiming to derive title through the
heirs of Manchaca, therefore he (Fortune) bound himself
to have a legal adjudication of said title, paying the ex-
penses thereof (except that Dailey should be at the expense
of establishing the title in said Barr, as also that said Rhoda
and John are his heirs at law); that in the final adjudica-
tion of the title, if the land in the Morgan league and con-
flicting with the Manchaca survey shall be adjudged to
belong to him (Fortune), "by virtue of the title this day"
(that made by Dailey to him above referred to) "received
from the said Dailey, then, and in that event, he bound
and obligated himself to reconvey to the said Dailey, his
heirs and assigns, one-half of the quantity of land he might
thus receive by virtue of his title aforesaid," reserving to
himself (Fortune) in the following words: "in said division
the lands or lots to which I have derived title through the
heirs of George Morgan, deceased; and should the lots to
which I have derived title, as aforesaid, be greater in quan-
tity of acres than the portion remaining on the said Morgan
survey, then, and in that event, I am to make up the deficit
at $10 per acre, but not to exceed four hundred acres.

[Signed]                         " J. A. FORTUNE."

This obligation contained a penal obligation of $20,000
for the performance of the stipulations in the contract.
The plaintiff, in his pleadings, waived any claim for dam-
ages for neglect by Fortune to bring suit for all the land
claimed by Dailey under the title which he conveyed to
Fortune, but claims damages for the forfeiture of the con-
dition of the bond requiring Fortune, on the adjudication
of the title, to convey to him the one-half of said lands.
Plaintiff bases his allegation of forfeiture and consequent
liability on the averment that the suit of B. G. Shields
against Fortune was determined in 1868, resulting in a re-
covery by said Fortune of the lands in controversy, which,

as he alleges, was a final adjudication quieting and settling the title, and alleging failure to reconvey the one-half of the land, whereby he was liable on the bond to pay $10 per acre for four hundred acres, making $4,000, which he claims as stipulated damages, as fixed in the bond.

OPINION.—During the progress of the cause the plaintiff filed four amended petitions, resulting in obscuring the grounds, to some extent, of his action, and leaving it rather indistinct to our perception upon what facts precisely he proposed to rely as affording him a cause of action. In the original petition, and in some of his amended petitions, the determination of the Shields litigation is treated as a final adjudication of the controversy between the parties on its merits, and the plaintiff bases his right to recover upon that theory and assumption. In another amendment the plaintiff alleges that the judgment was a mere dismissal of the suit by Shields, induced by a fraudulent and covert intention on the part of Fortune thereby to secure an advantage against the plaintiff by thus procuring himself to be left in possession of the land under his title under the Morgan grant, and thus to evade the obligation in his contract which required him to reconvey the one-half of the land which plaintiff would have been entitled to demand, provided the merits of the plaintiff's chain of title under the Manchaca grant had been tested, and an adjudication had been made establishing its superiority over that of Shields. Such conflicting statements of facts, in the connection they occupy to the plaintiff's action, present directly opposite theories, and require for their adjudication, in respect to the contract sued on, different remedies. The fraudulent device referred to might afford the appropriate basis for a suit for damages on the bond for failing to have the title adjudicated; but one of his amendments distinctly disclaims asking for any such redress, but attempts to lay the basis for the recovery of stipulated damages by reason of there having been such an adjudication of the titles of the parties

in the Shields suit, whereby, under the contract here sued on, he claims that he was entitled to recover one-half of the land, or to have in lieu thereof the alternative moneyed consideration provided for in Fortune's obligation. It will doubtless be most favorable to the interest of the plaintiff, on this appeal, for the court to treat his numerous amendments as not, in effect, varying the allegations of his original petition.

The amended petition referred to, in effect, assailed the integrity of the cause of action declared on in the original petition without superseding it with a different one; for the disclaimer by him of the only remedy appropriate to the facts under the amendments rendered the variation made as to the facts merely irrelevant for any of the purposes of this suit, and can have no other tendency, if construed as supplanting the allegations on the same subject contained in plaintiff's previous pleadings, than to neutralize the original allegations and thereby to leave the plaintiff with an insufficient petition under a cause of action based upon either of the supposed theories of plaintiff's right to recover.

The defendants filed a general and a special demurrer to the original and amended petitions; the grounds of special exception were: 1. That plaintiff does not allege that he ever complied with his undertakings and obligations in the bond. 2. That he does not allege that the Barr title, mentioned in said bond, was a good or superior title to said land.

The court sustained the demurrer and rendered judgment for the defendants. The appeal by the plaintiff presents the action of the court in thus ruling as the only ground of error.

A synoptical statement of the contents of the plaintiff's amended petitions is pretermitted because of their length; they could not be properly abbreviated to any considerable extent for the due consideration of the demurrer, and it is thought best to refer the court to the record itself.

Considering the plaintiff's suit as being, in effect, an action to enforce the specific performance of the obligation given by Fortune to him, or, in default thereof, to enforce the alternative remedy of a judgment for $4,000, the sufficiency of the cause of action must rest upon the proposition that the petition shows that the state of facts exists contemplated by the contract, from which the duty was imposed upon Fortune to convey to the plaintiff one-half the tract of land involved in the Shields law suit.

Fortune, by the bond which he executed, stipulated not to reconvey to the plaintiff one-half of the land which he might be able, *in any event*, to maintain his right to, but to reconvey one-half thereof, in case his (Fortune's) right thereto should be adjudged to him *by virtue* of the Barr, Cundiff and Dailey chain of title under the Manchaca survey.

The converse of this proposition or construction is, that if Fortune's right to the land under the adjudication which was contemplated turned out to depend upon his own proper title, derived from the Morgan heirs, and *not* upon Dailey's title, that Dailey would *not* be entitled to share the benefit of such a result, and Fortune would not be obligated to reconvey. It was, therefore, the initial point of Dailey's cause of action to allege that first, the adjudication had been in fact made, whereby Fortune had recovered the land; second, that the recovery thus had was due to, and by *virtue of,* not the Morgan title, but the title with which Dailey had invested Fortune.

The plaintiff's petition, as has been seen, was so amended as to deny the truth of the first, and to ignore the second of these propositions; but if it had not been thus amended the plaintiff does not allege in any of his pleadings that the defendant Fortune, in the Shields litigation, prevailed, or recovered therein, by virtue of the Dailey deed, and the title which it conveyed. Fortune, in distinct terms, expressly provided that those portions or lots of land on the Morgan survey, the title to which he had derived from the

heirs of George Morgan, should continue, in every contin_ gency, to remain his property, even though they, with other parts of the Morgan league, should be recovered in the Shields suit, under and by virtue of Dailey's chain of title and deed to Fortune.

Thus the contract, in plain, unmistakable language, forbids any attempt to engraft upon it the idea, for a single moment, that Dailey's right to any portion of this land, under the contract or bond sued on, could be acquired by demanding Fortune's reconveyance, unless the obligation to make it was derived through the efficiency of the Dailey title, and its availability to sustain Fortune's right to recovery of the land.

The plaintiff's petition and amended petitions wholly failed to allege facts which, under the view we take of the contract between the parties, entitled him to recover either land or damages in the manner and form plaintiff has seen proper to sue.

JUDGMENT AFFIRMED.